

October 24, 2016

**Via Electronic Court Filing**
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Cando v. Big City Yonkers, Inc., et al.*
    Case No.:  16 Civ. 1154 (RML)
    &    *Robinson v. Big City Yonkers, Inc., et al.*
    Nassau County Index No.: 600159/2016

Dear Judge Levy:

  Shulman Kessler LLP represents Plaintiffs Frank Robinson, 11 other named Plaintiffs, and 31 opt-in Plaintiffs (collectively, "*Robinson* Plaintiffs"), in a matter before the Supreme Court, Nassau County, captioned *Robinson v. Big City Yonkers, Inc.*, *et al.*  ("*Robinson*").  In accordance with Section 2.C. of Your Honor's Individual Motion Practices and Rules, we write to request a pre-motion conference on the *Robinson* Plaintiffs' anticipated motion to intervene under Federal Rule of Civil Procedure ("FRCP") 24.

### Brief Procedural Background

  On January 11, 2016, *Robinson* Plaintiffs filed their Class and Collective Action Complaint against Defendants Big City Yonkers, KKLDS, Inc., and 2015 Atlantic Ave. Corp., alleging that Defendants violated the FLSA and NYLL by misclassifying their delivery drivers ("drivers") as independent contractors.  *Robinson* Plaintiffs amended the Complaint to add Defendants 450 Concord Avenue Corp., All Parts, Inc., Autostar Automotive Warehouses, Inc., D A L Holding Co., Inc., Glenwood Autoparts, Corp., and QPBC, Inc. on September 15, 2016.

  On August 1, the parties, along with the counsel for the plaintiffs' from *Cando v. Big City Yonkers, Inc., et al*., ("*Cando* Plaintiffs"), attended an all-day mediation with Ralph S. Berger, Esq.  The mediation and ensuing discussions, however, were unsuccessful.  Then, on September 29, *Robinson* Plaintiffs requested a pre-motion conference before the Hon. William F. Kuntz, II, U.S.D.J., regarding our motion to intervene under FRCP 24.  *See* ECF No. 80.  Judge Kuntz granted our request and scheduled the matter for November 17.  *See* Order, Sept. 30, 2016.

  On October 7, the parties in *Cando*, appeared at a settlement conference before Your Honor, and ultimately reached a settlement.  *See* Minute Entry, Oct. 7, 2016.  Subsequently, on October 13, the *Cando* parties consented to Your Honor's jurisdiction, for all purposes.  *See* ECF

Hon. Robert M. Levy, U.S.M.J.
Re: *Cando v. Big City Yonkers, Inc., et al.* & *Robinson v. Big City Yonkers, Inc., et al.*
October 24, 2016
Page 2 of 3

No. 84.  On October 24, the *Cando* parties requested a pre-motion conference regarding their anticipated motion for preliminary approval of a class action settlement.  *See* ECF No. 85.

On October 17, *Robinson* Plaintiffs moved for conditional certification and court-authorized notice pursuant to Section 216(b) of the FLSA, and the motion is returnable on November 29.  *Robinson*  Plaintiffs anticipate filing their motion for class certification pursuant to CPLR § 901., *et seq.*, on or before, October 28.

### *Robinson* Plaintiffs' Anticipated Motion to Intervene

*Robinson* Plaintiffs seek to intervene in this matter and compel the *Cando* Plaintiffs to proceed in the Supreme Court, Nassau County.  *Robinson* Plaintiffs' anticipated motion is likely to succeed because: (1) *Robinson* Plaintiffs meet the intervention standard of FRCP 24; (2) the *Robinson* Plaintiffs filed first; and (3) the *Cando* Plaintiffs filed their action in the wrong forum.

A third-party may intervene either as of right or with the Court's permission.  FRCP 24(a) & (b).  To intervene as of right, a movant must show: (1) the motion is timely; (2) an interest in the action; (3) the action may impair the intervenor's interest; and (4) the interest is not adequately protected by the action.  *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001).  For permissive intervention, courts consider the nature of the intervenor's interest, the degree to which the other parties represent those interests, whether intervenors will contribute to the "full development of the underlying factual issues in the suit[,] to the just and equitable adjudication of the legal questions presented[,]" and the potential for prejudice to the intervenors and other parties.  *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2015 WL 4619663, at *5, 10 (S.D.N.Y. Aug. 3, 2015) (internal quotations and citations omitted); *see also U.S. v. Simpson Borough Place Corp.*, No. 01 Civ. 693, 2007 WL 2581888, at *5 (E.D.N.Y. Sept. 5, 2007) ("whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" is the most important factor. (internal quotations and citations omitted)).  In the class action context, "intervention is commonly granted to absent class members 'since members of a class are normally bound by the judgment in the class action.'" *Id.* (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993).

The "first-filed rule" provides that "where there are two competing lawsuits, the first suit should have priority." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).  There are two exceptions: "(1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 221, 274-75 (2d. Cir. 2008).  Absent an exception, the first-filed rule warrants transfer of venue to the jurisdiction of the first-filed case – even in class and collective actions involving FLSA and NYLL claims.  *See Bukhari v. Deloitte & Touche LLP*, No. 12 Civ. 4290, 2012 WL 5904815, at *3 (S.D.N.Y. Nov. 26, 2012) (collecting cases).  The rule also applies to situations in which one case is pending in federal

Hon. Robert M. Levy, U.S.M.J.
Re: *Cando v. Big City Yonkers, Inc., et al.* & *Robinson v. Big City Yonkers, Inc., et al.*
October 24, 2016
Page 3 of 3

court and the other is state court. *See, e.g.*, *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 309 (E.D.N.Y. 2015), *appeal dismissed* (2d Cir. Jan. 19, 2016).

*Robinson* Plaintiffs will show that intervention is warranted. First, this matter is timely filed, as the pre-motion letter to Judge Kuntz was promptly filed after mediation and settlement discussions involving all parties failed. Second, as putative class members of *Cando*, *Robinson* Plaintiffs would be prejudiced by any adverse decision in *Cando*, including a decision that may impact *Robinson* Plaintiffs' motion for conditional certification and forthcoming class certification motion. Third, the parties in *Cando*, would not be prejudiced by this motion because the matter has not moved significantly towards a decision on the merits or class certification, whereas in *Robinson*, the motion for conditional certification has been filed.

Importantly, *Robinson* Plaintiffs filed first. *See, e.g.*, *Dewan v. M-I, L.L.C.*, No. 12 Civ. 3638, 2014 WL 2981362, at *8 (S.D. Tex. June 27, 2014) (granting first-filed plaintiffs' motion to intervene and motion to transfer to venue of first-filed action). In addition to warranting an application of the first-file rule, *Robinson* Plaintiffs' early filing entitles the putative class to a longer statute of limitations for their NYLL claims. *See Musa v. SuperShuttle Intern., Inc.,* No. 12 Civ. 2418, 2013 WL 5507143, at *4 (E.D.N.Y. Sept. 30, 2013) (prior class action did not toll statute of limitations of subsequently filed class action).

Not only would granting *Robinson* Plaintiffs' anticipated motion further judicial economy, but it would also honor the parties' choice of venue clause, which the *Cando* Plaintiffs ignored when they filed in the Eastern District of New York instead of the Supreme Court of Nassau County. *See* ECF No. 71 (Ltr. Mot. for Pre-Mot. Conf.) at 2 (setting forth the pertinent part of parties' Forum Selection Clause). Additionally, intervention would prevent the *Cando* parties from engaging in a "reverse auction" designed to resolve class members' claims with the lowest bidder. *See* Manual for Complex Litig. (Fourth) § 21.61, at 310 ("There are a number of recurring potential abuses in class action litigation that judges should be wary of as they review proposed settlements: conducting a 'reverse auction,' in which a defendant selects among attorneys for competing classes and negotiates an agreement with the attorneys who are willing to accept the lowest class recovery (typically in exchange for generous attorney fees)[.]").

## Conclusion

For these reasons, we respectfully request a pre-motion conference before Your Honor. Thank you for Your Honor's time and consideration of this matter.

Respectfully submitted,

/s/ Troy L. Kessler
Troy L. Kessler