# ReedSmith

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Mark S. Goldstein**
Direct Phone: +1 212 549 0328
Email: mgoldstein@reedsmith.com

October 25, 2016

<u>Via ECF</u>

Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Cando, et al. v. Big City Yonkers, Inc., et al.*
                <u>Case No. 1:16-cv-01154 (RML)</u>

Dear Judge Levy:

      We represent Defendants Big City Yonkers, Inc., Autostar Automotive Warehouses Inc., and QPBC, Inc. (collectively, the "Big City Defendants"; together with Plaintiffs, the "Parties") in the above-referenced action. We are writing in response to the *Robinson* Plaintiffs' letter dated October 24, 2016 requesting a pre-motion conference regarding their proposed motion to intervene. For the reasons discussed below, we respectfully submit that a pre-motion conference is unnecessary given that the *Robinson* Plaintiffs' proposed motion, if it is allowed to be made, will fail.

      As the Court is aware, during an October 7 settlement conference, the Parties reached a settlement in principle of Plaintiffs' claims against, among other entities, the Big City Defendants.[1] The settlement was the byproduct of arms' length, "[l]engthy settlement negotiations" conducted by experienced counsel. (October 7, 2016 ECF Minute Entry.) The Parties have spent the ensuing few weeks reducing the terms of such settlement to writing and preparing the motion for preliminary approval of such settlement.

      At its core, therefore, the *Robinson* Plaintiffs' proposed motion to intervene is an attempt to block the Parties' settlement. Intervention, however, is not the appropriate vehicle for the *Robinson* Plaintiffs to object to the settlement.

      On this point, *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601 (W.D.N.Y. 2011), which presents virtually analogous issues, proves instructive. In that case, the plaintiffs asserted class-based FLSA and New York Labor Law unpaid overtime claims against the defendants. Shortly after the plaintiffs filed their fifth amended complaint, the parties notified the Court that they had reached a classwide settlement of the plaintiffs' claims and filed a motion seeking preliminary approval of such settlement.

---

[1] For the avoidance of doubt, such settlement does not in way impact Plaintiffs' claims against Michigan Logistics Inc. and Northeast Logistics, Inc., or Michigan Logistics Inc.'s and/or Northeast Logistics, Inc.'s defenses thereto.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ PARIS
PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Magistrate Judge Robert M. Levy
October 25, 2016
Page 2

**ReedSmith**

Prior to the filing of the motion for preliminary approval of the settlement, however, Cynthia Cole and three other individuals (the "*Cole* Plaintiffs"), plaintiffs in a separate litigation involving similar claims, moved to intervene in *Davis*. The *Cole* Plaintiffs were joined in their motion to intervene by Gayla Pickle and Carol Hughes (the "*Pickle* Plaintiffs"), plaintiffs in a similar action then-pending in the Southern District of New York. Ostensibly, the *Cole* and *Pickle* Plaintiffs moved to intervene "to protect the rights of class members in the *Cole* and *Pickle* actions, whose claims, they contend, would be extinguished as a result of the proposed settlement in this case." *Id.* at 604.

In denying the *Cole* and *Pickle* Plaintiffs' joint motion to intervene, the Court concluded in pertinent part that:

> Intervention is not necessary here to protect the proposed intervenors' or other class members' interests, and there are alternatives open to them which would be less disruptive to these proceedings and to the interests of the settling parties. . . .
>
> The proposed intervenors' interests in this action can be fully protected at the fairness hearing for final approval of the settlement. In addition, any class members who do not want to be bound by the settlement will be given an opportunity to opt out and pursue their own claims separately.
>
> In an analogous case, *Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2011 WL 37970 (E.D.Mich. Jan. 5, 2011), after the parties agreed to settle the plaintiffs' claims under the FLSA and Michigan law, plaintiffs from two actions that had been filed in California moved to intervene in the Michigan action, seeking, *inter alia*, to conduct discovery regarding the parties' conduct during settlement negotiations to determine whether the settlement was a result of collusion.
>
> Denying the motion to intervene, the court stated that while there was no dispute that the proposed intervenors' motion was timely and that they possessed an interest in the settlement of the nationwide claims at issue in the case, the proposed intervenors had failed to show that intervention was necessary to protect their legally protected interests. The court stated that the "Proposed Intervenors may simply choose not to join this action and they will not be bound by it," and that "[a]lternatively, should Proposed Intervenors choose to join this settlement, but also wish to object to it, they may voice their concerns in writing and in person at the fairness hearing." Adding that permitting intervention would delay the potential resolution of the case, prejudice both the plaintiffs and the defendants, and "likely offer little to no benefit to the potential class members, given that the settlement took nearly six months to put together and already reflects the parties' final bargaining positions," the court concluded that intervention was not warranted under either Rule 24(a)(2) or 24(b), and that "[i]f the class members do not wish to take advantage of the settlement, they can choose not to join it." . . . .

Magistrate Judge Robert M. Levy
October 25, 2016
Page 3

**ReedSmith**

> The Court is also mindful that [t]he Second Circuit has noted on several occasions that jeopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit. In addition, there is a presumption that class members' interests are adequately represented by the settling plaintiffs and their counsel, and the burden is on the proposed intervenors to rebut that presumption. The proposed intervenors in the case at bar have not overcome that presumption.

*Davis*, 775 F. Supp. 2d at 605-07 (internal citations and quotations omitted); *see also Casey v. Citibank, N.A.*, Nos. 5:12-CV-820, 1:13-CV-353, 2014 WL 3468188 (N.D.N.Y. Mar. 21, 2014).

This case presents a virtually analogous situation to the one presented in *Davis*. As in *Davis*, to the extent that the *Robinson* Plaintiffs take issue with the Parties' settlement, their "interests in this action can be fully protected at the fairness hearing for final approval of the settlement" and they will "be given an opportunity to opt out and pursue their own claims separately." *Id.* at 605-06. In addition, "should [the *Robinson* Plaintiffs] choose to join [the Parties'] settlement, but also wish to object to it, they may voice their concerns in writing and in person at the fairness hearing." *Id.* at 606 (quoting *Cin–Lan, Inc.*, 2011 WL 37970, at **2-3).

Further, permitting the *Robinson* Plaintiffs to intervene would unnecessarily delay the potential resolution of this case, prejudice the Parties, and "likely offer little to no benefit to the potential class members." *Id.* This is especially true given that, as the Court noted in *Davis*, "there is a presumption that class members' interests are adequately represented by the settling plaintiffs and their counsel." *Id.*

For these reasons, the Big City Defendants respectfully request that the Court deny the *Robinson* Plaintiffs' request for a pre-motion conference.

Respectfully submitted,

Mark S. Goldstein