

November 30, 2016

**Via Electronic Court Filing**
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: ***Cando v. Big City Yonkers, Inc., et al.***
    Case No.:  16 Civ. 1154 (RML)
    &amp;
    ***Robinson v. Big City Yonkers, Inc., et al.***
    Nassau County Index No.: 600159/2016

Dear Judge Levy:

  Shulman Kessler LLP represents Proposed Intervenor Frank Robinson in the *Cando v. Big City Yonkers, et al.* action, as well as Frank Robinson and 49 other class members, in a matter before the Supreme Court, Nassau County, captioned *Robinson v. Big City Yonkers, Inc., et al.* ("*Robinson*").  We write in advance of tomorrow's pre-motion conferences, scheduled for 12:30 p.m., before Your Honor.

  Yesterday, the Hon. Denise L. Sher, A.J.S.C., issued an order in the *Robinson* matter, which denied Defendants' request to stay the state court action.  A copy of Justice Sher's order is attached hereto.

  Thank you for Your Honor's anticipated consideration of this matter.

             Respectfully submitted,

             /s/ Troy L. Kessler
             Troy L. Kessler

Enc.

cc:  All counsel (via ECF)

**SHORT FORM ORDER**

SUPREME COURT OF THE STATE OF NEW YORK

PRESENT: HON. DENISE L. SHER
                Acting Supreme Court Justice

---

FRANK ROBINSON, on behalf of himself and all others similarly situated, and HENRY ALCANTARA, BARRY ALKINS, RAFAEL BOITER, MAURICE DESRIVIERES, JAY GILBERT, ROGER JONES, ROUSSO MEDE, JOSE PERALTA, NIEVE QUEZADA, MAXIMINO ROSA and TYRELL STEWART, individually,

                             Plaintiffs,

              - against -

BIG CITY YONKERS, INC. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES, KKLDS, INC. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES, 20-15 ATLANTIC CORP. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES, 450 CONCORD AVENUE CORP., ALL PARTS, INC. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES, AUTOSTAR AUTOMOTIVE WAREHOUSE, INC. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES, D A L HOLDING CO., INC. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES, GLENWOOD AUTOPARTS, CORP. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES and QPBC INC. d/b/a BIG CITY AUTOMOTIVE WAREHOUSES,

                             Defendants.

TRIAL/IAS PART 37
NASSAU COUNTY

Index No.: 600159/16
Motion Seq. No.: 04
Motion Date: 11/18/16

---

| The following papers have been read on this motion: | Papers Numbered |
|---|---|
| Order to Show Cause, Affirmation and Exhibits and Memorandum of Law | 1 |
| Affirmation in Opposition and Exhibits and Memorandum of Law | 2 |

Upon the foregoing papers, it is ordered that the motion is decided as follows:

Defendants move, pursuant to CPLR § 2201, for an order staying this action pending the final determination of *Cando et al. v. Big City Yonkers, Inc., et al.*, No. 16-cv-1154, currently pending in the United States District Court for the Eastern District (hereinafter the "Federal action"). Plaintiffs oppose the motion.

Plaintiffs in this action were all employed as auto part delivery drivers at the times pertinent herein. They allege that defendants misclassified them as independent contractors in violation of both the Fair Labor Standards Act, 29 USC § 201, *et seq.* and the New York Labor Law. They seek, *inter alia*, unpaid minimum wages and overtime pay. Their claims were originally advanced in an action in the United States District Court, Southern District, but the plaintiffs voluntarily discontinued that action based on the forum selection clause in the drivers' operating agreements which provided that jurisdiction lies in the Supreme Court of the State of New York in Nassau County. This action was commenced via the filing of a Class and Collective Action Complaint on January 11, 2016.

On March 8, 2016, another group of auto part delivery drivers commenced the Federal action advancing virtually identical claims. On June 3, 2016, the defendants in the Federal action moved for a pre-motion conference regarding a proposed motion to dismiss that case based on the drivers' agreements' forum selection clauses. The defendants referred to this case and its history, *i.e.*, its discontinuance in Federal court and its commencement in this court.

On May 18, 2016, the parties to this action entered into a Stipulation and Tolling Agreement Regarding Pre-Meditation Scope and Discovery and Mediation aimed at settling this matter following targeted discovery for settlement purposes only. As a result, the plaintiffs in the Federal action requested that the Federal Court adjourn the scheduled pre-motion conference that the defendants had requested. That conference was adjourned *sine die* since the plaintiffs in the

Federal action were participating in the mediation conference being held in this action by their attorneys on August 1, 2016. While that mediation lasted an entire day, it was not successful.

A settlement conference in the Federal court action was held on October 7, 2016, and the matter settled in principle.

Two (2) conferences are scheduled in the Federal court action on December 1, 2016: a conference regarding the preliminary approval of the settlement of that action and a conference regarding the proposed motion, brought by the plaintiffs in this case, to intervene in the Federal action and to stay that action, which is aimed at compelling the Federal plaintiffs to join this action and move to this court in alleged accordance with their drivers' agreements' forum selection clauses. In addition, the plaintiffs from this case intend to oppose the putative settlement in the Federal action on procedural and substantive grounds in the event that they are not granted leave to intervene and to seek dismissal of that action on forum selection grounds.

On November 4, 2016, the defendants moved to stay this action via an Order to Show Cause. Defendants maintain that the Federal action is a substantially identical action and that the resolution of that action will resolve all or substantially all of the claims advanced in this action. They allege that, if this action is allowed to proceed, it "would disrupt the orderly disposition of the Federal action." More specifically, they allege that the settlement of the Federal action would encompass all of the plaintiffs in this action and that their claims would accordingly be released when the Federal action settles -- unless they affirmatively opt out of that settlement. Thus, defendants argue that this action should be stayed unless and until the plaintiffs in this action affirmatively opt out of the Federal action. They also maintain that, absent a stay of this action, the class members will receive contradictory notices regarding this action and the Federal action, which could confuse potential class members concerning their rights. In addition, defendants note that the plaintiffs are seeking to intervene in the Federal action and that there is a pre-motion

conference scheduled with the presiding magistrate on December 1, 2016. More importantly, defendants note that there is presently a settlement conference scheduled for that date in the Federal action.

"In general, only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both, is a stay justified; this requires a complete identity of the parties, the causes of action and the judgment sought." *952 Assoc., LLC v. Palmer*, 52 A.D.3d 236, 859 N.Y.S.2d 138 (1st Dept. 2008). *See also Somoza v. Pechnik*, 3 A.D.3d 394, 772 N.Y.S.2d 2 (1st Dept. 2004).

The stay requested in the instant action is denied. The determination of the Federal action under the circumstances extant, *i.e.*, a settlement - which is what defendants claim is likely- will not address the legal issues raised by plaintiffs' claims herein. In fact, the defendants inexplicably forced the plaintiffs in this action to litigate in this court. In contrast, for some unknown reason, the defendants in the Federal action abandoned their motion to dismiss that action and have allowed the Federal action to proceed despite the alleged forum selection clauses in those plaintiff drivers' operating agreements. The defendants are faced with two (2) lawsuits in two (2) different jurisdictions as the result of their own device.

While this Court realizes that the present plaintiffs will not be prejudiced by a stay insofar as their right to recovery is limited by the Statute of Limitations and they are protected, prospective members do not share that benefit and indeed may be severely prejudiced by a stay herein. In addition, litigation can delay ultimate relief for years and a stay here would only lead to such a delay. A stay of this action is not required due to a risk of inconsistent outcomes since the Federal action at this juncture is being settled, whereas this action is not. Furthermore, a plaintiff's FLSA claim cannot be settled by a third party. Unless a plaintiff executes a release and receives and cashes their settlement check, they are free to litigate their claims. In fact, if a stay is granted, prospective class members in this action may very well be faced with a decision as to whether to accept the settlement in the Federal action without knowledge of the option of

-4-

proceeding to judgment in this action. That is a true injustice. While the defense characterizes the possibility of multiple and potential conflicting notices as confusing, it is the view of this Court that they would instead be informative. Furthermore, the state has expressed a "paramount interest in enforcing employment laws, in particular regarding wages and hours." *Garcia v. Pasquareto*, 11 Misc.3d 1, 812 N.Y.S.2d 216 (App. Term 2d Dept. 2004). The relief sought herein by defendants is completely contrary to that goal.

In conclusion, defendants' motion, pursuant to CPLR § 2201, for an order staying this action pending the final determination of *Cando et al. v. Big City Yonkers, Inc., et al.*, No. 16-cv-1154, currently pending in the United States District Court for the Eastern District, is hereby **DENIED**.

It is further ordered that the parties shall appear for a Preliminary Conference on January 11, 2017, at 9:30 a.m., at the Preliminary Conference Desk in the lower level of 100 Supreme Court Drive, Mineola, New York, to schedule all discovery proceedings. A copy of this Order shall be served on all parties and on the DCM Case Coordinator. There will be no adjournments, except by formal application pursuant to 22 NYCRR § 125.

This constitutes the Decision and Order of this Court.

ENTER:

_____
DENISE L. SHER, A.J.S.C.

Dated: Mineola, New York
November 29, 2016

-5-