# ReedSmith

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Mark S. Goldstein**
Direct Phone: +1 212 549 0328
Email: mgoldstein@reedsmith.com

November 30, 2016

**Via ECF**

Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Cando, et al. v. Big City Yonkers, Inc., et al.*
              **Case No. 1:16-cv-01154 (RML)**

Dear Judge Levy:

      We represent Defendants Big City Yonkers, Inc., Autostar Automotive Warehouses Inc., and QPBC, Inc. (collectively, the "Big City Defendants"; together with Plaintiffs, the "Parties") in the above-referenced action. We are writing in response to the *Robinson* Plaintiffs' letter filed earlier today, attaching a copy of New York State Supreme Court Justice Denise L. Sher's decision denying Defendants' motion to stay the *Robinson* case. (ECF No. 91.)

      Defendants actually appreciate the fact that the *Robinson* Plaintiffs brought Justice Sher's decision to Your Honor's attention. That ruling only cements the need for this Court to issue a preliminary injunction, pursuant to the Anti-Injunction Act and the All Writs Act, barring all parallel state court actions, like *Robinson*, during the settlement approval process (such injunction will be further discussed in Plaintiffs' anticipated motion for preliminary approval of the Parties' settlement). Indeed, by denying Defendants' application for a stay – in a decision that misapplies both the law and relevant facts – Justice Sher[1] has created a situation whereby the rights and interests of the class members and the jurisdiction of this Court will be impaired if, during the notice period, parallel actions alleging virtually identical claims to those asserted in this action are allowed to be filed and prosecuted.

      As just one example of the potential chaos caused by the state court decision, if Justice Sher grants the pending motions for class certification and for conditional certification of an FLSA collective that have already been filed in *Robinson*, and this Court grants preliminary approval of the Parties' settlement, then one notice will go out to the class members notifying them that they are part of a settlement, and one or two other notices will go out to the class members notifying them that their claims, instead of being settled, are actually being fully litigated. This will cause confusion to the class members – they likely will not understand whether their claims are being settled or, instead, being litigated towards trial – and will also result in prejudice to Defendants. And this is to say nothing of the

---

[1] As an aside, Justice Sher has conveyed to Defendants' counsel that she does not have much, if any, experience with wage and hour cases, or class and collective actions.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ PARIS
PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Magistrate Judge Robert M. Levy
November 30, 2016
Page 2

**ReedSmith**

fact that, if an injunction is not granted here, Defendants will be forced to unfairly defend duplicative litigations, which both federal and state courts typically try to avoid.

Under such circumstances, it is standard for a federal court, after granting preliminary approval of a class action settlement and while notice is being disseminated to the class, to issue a preliminary injunction of parallel state court actions. As will be more fully explained in Plaintiffs' preliminary approval papers, a preliminary injunction is indeed warranted in this case.

Defendants also respectfully request that the Court issue interim relief, enjoining all parallel state court actions pending its decision on Plaintiffs' anticipated motion for preliminary approval of the Parties' settlement, and/or conduct an expedited review of such motion. Such relief is necessary here because if Justice Sher grants one or both of the *Robinson* Plaintiffs' certification motions, class notices may be disseminated in that case before a decision is rendered by Your Honor on Plaintiffs' preliminary approval motion. This would unfortunately be a harm that cannot be undone, even if this Court eventually issues a preliminary injunction in this case at a later date.

Defendants thank Your Honor for his consideration of this letter.

Respectfully submitted,

*Mark S. Goldstein/dr*

Mark S. Goldstein