

**Mark S. Goldstein**
Direct Phone: +1 212 549 0328
Email: mgoldstein@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 20, 2016

<u>Via ECF</u>

Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Cando, et al. v. Big City Yonkers, Inc., et al.*
           <u>Case No. 1:16-cv-01154 (RML)</u>

Dear Judge Levy:

     We represent Defendants Big City Yonkers, Inc., Autostar Automotive Warehouses Inc., and QPBC, Inc. (collectively, "Defendants"; together with Plaintiffs, the "Parties") in the above-referenced action. We are writing in response to the *Robinson* Plaintiffs' letter dated December 19, 2016, which, amazingly, is presumptuous, premature, and procedurally and legally improper all at the same time. (ECF No. 106).

     In their December 19 letter, the *Robinson* Plaintiffs inform – not ask – the Court that they will be filing an opposition to Plaintiffs' motion for preliminary settlement approval by this Thursday, December 22, 2016. But as will be explained below, the *Robinson* Plaintiffs have no grounds to file such an opposition, an undeniable conclusion that not even their new, eleventh-hour attorneys can change. Rather, this is just another stall tactic from the *Robinson* Plaintiffs to delay the Court from preliminarily approving the Parties' settlement.[1]

     ***First***, the Court's scheduling Order dated December 1, 2016 makes clear that no opposition to Plaintiffs' preliminary approval motion may be filed. Indeed, with regards to such motion, the Court wrote in its Order only that, "Motion for preliminary approval of settlement agreement to be filed by 12/15/16." Unlike the *Robinson* Plaintiffs' motion to intervene – for which the Court scheduled opposition and reply briefing – Your Honor did not include an opportunity for opposition or reply to the preliminary approval motion (and for good reason, as will be discussed below). Given the Court's clear decision not to permit the filing of opposition briefs to Plaintiffs' motion, the *Robinson* Plaintiffs forthcoming opposition is dead on arrival and, if filed, would flout this Court's authority. Simply put, if the Court had intended to give the *Robinson* Plaintiffs an opportunity to oppose Plaintiffs' preliminary approval motion, it would have done so.

---

[1] That the *Robinson* Plaintiffs' letter was filed almost three weeks after the December 1 pre-motion conference with the Court, and almost two weeks after Plaintiffs filed their preliminary approval motion, further underscores the fact that this is simply an unsavory and unauthorized stall tactic.

Magistrate Judge Robert M. Levy
December 20, 2016
Page 2

ReedSmith

    **_Second_**, the *Robinson* Plaintiffs are not entitled to oppose the preliminary approval motion because they are neither parties to *Cando*, nor actual intervenors in the case.[2] At this stage, they are merely "*proposed*" intervenors, as even their December 19 letter concedes. As such, they have absolutely no stake whatsoever in this litigation. Any opposition the *Robinson* Plaintiffs submit would therefore be patently improper.

    In this regard, the law is clear that non-parties' objections to a motion for preliminary approval are irrelevant; the proper time to object to the fairness of a settlement is at the fairness hearing. *See In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) ("[A] plaintiff[']s dissatisfaction with certain settlement terms is not a bar to preliminary approval"); *Casey v. Citibank, N.A.*, 2014 WL 3468188, at *1 (N.D.N.Y. Mar. 21, 2014) (holding that an "attempt to object to the proposed settlement agreement [at the preliminary approval stage] is inappropriate and premature. The proper time is at the final approval hearing"); *Davis v. J.P. Morgan Chase & Co.*, 775 F.Supp.2d 601, 608 (W.D.N.Y. 2011) (same); *In re HSBC Bank U.S.A., N.A., Checking Account Overdraft Litig.*, 49 Misc. 3d 1211(A), 29 N.Y.S.3d 847 (Sup. Ct. N.Y. Cnty. 2015) ("Though [proposed intervenors] maintain that the Settlement Agreement is not fair and reasonable, their objections are not relevant on a motion for preliminary approval since they are not parties to the Agreement and, in any event, may opt-out before final approval.").[3]

    **_Third_**, even if the *Robinson* Plaintiffs were entitled to file an opposition to Plaintiffs' motion (which they are not), their four arguments in opposition are entirely without merit and have in fact been dealt with on several prior occasions.

    The *Robinson* Plaintiffs claim, for instance, that the Parties' settlement is "substantively unfair because the settlement amount is so far below a reasonable range that it does not merit approval." Aside from the fact that this is simply untrue – as Plaintiffs explained in painstaking detail in their preliminary approval motion (*see* ECF No. 98, Argument § I(A)(7)) – this argument ignores the low threshold for *preliminary* approval of a settlement. Indeed, it is well-settled within the Second Circuit that preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, et al., 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009). All this requires is that the court finds there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 KMW, 2013 WL 1828598, at *1 (S.D.N.Y. Apr. 30, 2013) (quoting *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir.1980) (internal citation omitted)). Plaintiffs' motion clearly satisfies, and by a wide

---

[2] As discussed above, they would not be entitled to file an opposition at the preliminary approval stage even if they were named parties or actual intervenors.

[3] *See also In re TD Ameritrade Account Holder Litig.*, Nos. 07 Civ. 2852 & 4903, 2011 WL 4079226, at *7 (N.D.Cal. 2011) (noting prior holding that objections are "germane to the final approval, as opposed to the preliminary approval, of the Settlement"); *White v. Experian Info. Solutions, Inc.*, No. 05 Civ. 1070, 2011 WL 2972054, at *11 (C.D.Cal. July 15, 2011) (noting that appropriate time to consider objections is at final approval); *Lane v. Facebook, Inc.*, No. 08 Civ. 3845, 2009 WL 3458198, at *5 (N.D.Cal. Oct. 23, 2009) (denying motion to intervene and object at preliminary approval stage, holding that proper time to consider objections is at final approval).

Magistrate Judge Robert M. Levy
December 20, 2016
Page 3

ReedSmith

margin, the low burden required at this stage of the settlement process. The *Robinson* Plaintiffs' contentions regarding the fairness of the Parties' settlement amount are, therefore, woefully premature.[4]

The *Robinson* Plaintiffs' first and fourth arguments in opposition – that the settlement resulted from a "reverse action" and that Plaintiffs' counsel's interests conflict with those of the class – are similarly flawed and, in fact, were addressed in Defendants' opposition to the *Robinson* Plaintiffs' motion to intervene. As explained in that brief, such arguments are merely meritless, transparent efforts to divert the Court from preliminarily approving the settlement. (*See* ECF. No. 102, Argument § II). Lastly, even if the proposed settlement notice should include information regarding *Robinson* – which the Defendants argue is unnecessary – this purported deficiency can be addressed by the Court in its preliminary approval order.

**_Fourth and finally_**, the *Robinson* Plaintiffs argue that the Court should not grant the preliminary injunction requested in Plaintiffs' preliminary approval motion. This is erroneous. As Plaintiffs previously explained, such an injunction is appropriate where, as here, within the context of complex litigation, "[t]he threat to the federal court's jurisdiction posed by parallel state actions is particularly significant where there are conditional class certifications and impending settlements in federal actions." *In re Diet Drugs*, 282 F.3d 220, 235 (3d Cir. 2002). The *Robinson* Plaintiffs also miss the mark in arguing that "an injunction would be particularly inappropriate given that the state court already denied the same request from Defendants." As the *Robinson* Plaintiffs are aware, on November 29, New York State Court Justice Denise L. Sher denied Defendants' motion to stay (in a decision that misapplies both the law and relevant facts). Such a motion, however, is subject to an entirely different standard of proof than Plaintiffs' request for a preliminary injunction as part of a class action settlement that is sought to be preliminarily approved by the Court. An injunction is therefore not only appropriate in this case but, in fact, necessary.

In short, the *Robinson* Plaintiffs' opposition, if filed, would be both procedurally and legally improper. It is a desperate Hail Mary attempt that falls well short of the goal line. Perhaps most importantly, it is an impermissible attempt to circumvent this Court's authority, jurisdiction, and prior orders. Defendants therefore respectfully request that the Court reject the *Robinson* Plaintiffs' attempt to file such an opposition and to further delay the inevitable.

                                      Respectfully submitted,

                                      */s/ Mark S. Goldstein*

                                      Mark S. Goldstein

---

[4] In highlighting the fact that the Parties' settlement is lower than the settlement reported to the Court on October 7, 2016, the *Robinson* Plaintiffs conveniently ignore the Parties' clear explanation for this in Plaintiffs' preliminary approval motion: namely, that the original settlement contained a reversion feature whereas the final settlement does not (meaning that Defendants cannot seek to recover any uncashed funds).