# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
　　　　　　　　　　　cklee@leelitigation.com

January 31, 2020

**Via ECF**
The Honorable Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　Re:　*Cando, et al v. Big City Yonkers, Inc., et al.*
　　　　　　　**Case No. 1:16-cv-01154**

Dear Judge Levy:

　　　We are counsel to Plaintiffs in the above-referenced matter. We write to ask the Court to lift the stay on and reopen the above-captioned case in light of a recent decision by the Appellate Division of the Supreme Court of the State of New York, Second Department in *Robinson, et al. v Big City Yonkers, Inc. d/b/a Big City, et al.* (600159/2016). *See* Exhibit A.

　　　On January 11, 2016, Shulman Kessler LLP filed *Robinson, et al. v Big City Yonkers, Inc. d/b/a Big City, et al.* (600159/2016) on behalf of a group of plaintiffs and others similarly situated in the Supreme Court of the State of New York. On March 8, 2016, Lee Litigation Group, PLLC filed the instant action on behalf of a group of plaintiffs and others similarly situated in this Court. The two actions had overlapping plaintiffs and similar allegations. Both actions sought to recover unpaid wages and overtime pay. Plaintiffs in both actions worked for the Defendants as delivery drivers and were misclassified as exempt employees and independent contractors in violation of both the *Fair Labor Standards Act* (29 USC § 201, et seq.) and the New York Labor Law.

　　　On January 24, 2017, the Supreme Court of the State of New York certified *Robinson* as a class action and appointed Shulman Kessler LLP as class counsel (Dkt. # 256). On December 8, 2016, the plaintiffs in *Robinson* intervened the instant action and moved the Court to stay this action (Dkt. # 94). On February 22, 2017, the Court granted the motion to stay the instant action while the parties pursue private mediation, and on June 16, 2017, the Court granted the motion to stay this action "through the completion of the settlement approval process" of the *Robinson* action.

　　　On January 26, 2018, forty-seven (47) *Robinson* plaintiffs filed opt-outs in order to pursue their claims through the instant action after settlement in *Robinson* (ECF # 344). Two of them later withdrew their opt-outs, leaving forty-five (45) opted-out Plaintiffs in the instant action. *See* Exhibit B.

On January 29, 2018, the *Robinson* plaintiffs moved for final approval of a class settlement (Dkt. # 274), which the Supreme Court of the State of New York granted on February 16, 2018 (Dkt. # 291). The same order also declared that "[t]he opt outs received on 1/26/18 from Lee Litigation Group are deemed invalid as they were dated prior to the Class Notice which was sent 12/27/17, and do not contain the required opt-out language pursuant to the Class-Notice ordered by this court on November 22, 2017."

On March 16, 2018, the forty-five (45) *Robinson* class members appealed the invalidation of the forty-five (45) opt-outs to the Appellate Division of the Supreme Court of the State of New York, Second Department (Dkt. # 340). On January 23, 2020, the Appellate Division of the Supreme Court of the State of New York, Second Department ruled in their favor and deemed the opt-outs valid. "Contrary to the plaintiffs' contention, the Supreme Court should not have, sua sponte, declared invalid certain opt-out statements that were not part of the plaintiffs' unopposed motion and which relief was not requested in the motion" (Dkt. # 2018-04108).

Since the forty-five (45) individuals validly opted out of the *Robinson* action, they can now pursue their claims under the instant action. As noted above, the instant action was stayed through the completion of the settlement approval process of *Robinson* action. Since a final class settlement has been approved in *Robinson* and the forty-five (45) opt-outs are valid, we now respectfully request that the Court lift the stay and reopen the instant action for the forty-five (45) opt-outs.

We also respectfully request that the Court schedule a settlement conference to set forth a new discovery schedule.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K Lee*
C.K. Lee, Esq.

cc: all parties via ECF